IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT DOYLE,<br><br>     Plaintiff,<br><br>v.<br><br>MARY A. TOLAN, J. MICHAEL CLINE,<br>STEVEN N. KAPLAN, EDGAR M.<br>BRONFMAN, JR., STANLEY N. LOGAN,<br>DENIS J. NAYDEN, MARK A. WOLFSON,<br>ARTHUR H. SPIEGEL, III, and<br>JOHN T. STATON,<br><br>     Defendants,<br><br>     and<br><br>ACCRETIVE HEALTH, INC.,<br><br>     Nominal Defendant. | Civil Action No. 13-0080-GMS |

## ORDER

WHEREAS the plaintiff filed a civil action in the Court of Chancery of the State of Delaware on November 5, 2012;[1]

WHEREAS the defendants removed that case from the Court of Chancery to this court on January 14, 2013 (D.I. 1.);

WHEREAS presently before the court is the plaintiff's Motion to Remand (D.I. 5); and

WHEREAS the court has considered the parties' submissions as well as the applicable law;

---

[1] *Doyle v. Tolan, et al.*, Case No. 8008-VCP.

IT IS HEREBY ORDERED THAT:

     1.     The plaintiff's Motion to Remand (D.I. 5) is GRANTED;[2] and

---

[2] The underlying Court of Chancery action is a shareholder derivative suit brought against Accretive Health, Inc. ("Accretive"), as a nominal defendant, and individual directors and officers of Accretive. (D.I. 2.) While the plaintiff raises only state law causes of action for breach of fiduciary duty, abuse of control, and gross mismanagement, (*Id.* at ¶¶ 185–201; D.I. 9 at 1), the defendants contend that removal is made proper here by embedded federal issues concerning the Health Insurance Portability and Accountability Act ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act ("HITECH"), the Fair Debt Collection Practices Act ("FDCPA"), and various federal securities laws, (D.I. 1 at 1–2; D.I. 9 at 2).

    In most cases, an action commenced in state court may only be removed to federal court when the latter has original jurisdiction over the matter, 28 U.S.C. § 1441(a), and it is well-settled that a federal district court can claim the requisite subject matter jurisdiction where the action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. The Supreme Court has observed that "[f]or statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, No. 11-1118, 2013 WL 610193, at *5 (U.S. Feb. 20, 2013). The first and most common path is where federal law creates the very cause of action being asserted. *Id.* "But even where a claim finds its origins in state rather than federal law," the Court "ha[s] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* "Arising under" jurisdiction exists within this slim category when "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at *6 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

    The court agrees with the plaintiff that this narrow exception is inapplicable here, as the defendants' removal effort cannot clear the first hurdle of the *Grable* analysis—the requirement that the resolution of a question of federal law be "necessary" to the plaintiff's claims. The defendants argue that "[f]or th[e] Court to adjudge the merits of Plaintiff's claims . . . it necessarily must resolve . . . questions concerning whether Defendants violated [provisions of HIPAA, HITECH, FDCPA, and various securities laws]." (D.I. 6 at 1.) The court, however, reaches a different conclusion upon careful study of the Verified Shareholder Derivative Complaint (the "Complaint"). (D.I. 2.) The Complaint indicates that the plaintiff's Delaware state law claims find independent support in alleged violations of Minnesota state law and alleged breaches of Accretive's contract with Fairview Health Services. (D.I. 2 at ¶¶ 132(c), (e).) While the defendants note that Minnesota's debt collection law itself expressly incorporates the FDCPA, and "any alleged breach of the former necessarily will depend on a violation of the latter," (D.I 6 at 16), they do not address the allegations regarding the separate accused violations of Minnesota consumer protection laws, (D.I. 2 at ¶ 132(e)). Similarly, the defendants broadly state that Accretive's alleged breach of the Fairview contract is premised on violations of the FDCPA. (D.I. 6 at 16–17.) They fail, however, to offer any support for this claim, and the Complaint does not indicate whether the supposed breach required a violation of federal law or simply resulted from the same underlying conduct. (D.I. 2 at ¶ 132(c).)

    The defendants' point is well taken—the plaintiff cannot escape federal jurisdiction under *Grable* simply by arguing that its state law claims are based on violations of Minnesota statutes and breaches of private contracts when such violations and breaches themselves are dependent on questions of federal law. However, as suggested above, the court simply cannot determine that these violations and breaches, in fact, do rely on infringements of the FDCPA or other federal law. Given this uncertainty and recognizing that the defendants bear the burden of demonstrating federal jurisdiction, *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987), the court cannot find that the resolution of a question of federal law is "necessary" to the plaintiff's claims, *see, e.g., Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 859 F. Supp. 2d 728, 736 (D.V.I. 2012) ("[F]ederal jurisdiction should not be exercised over a state-law claim when the Complaint provides independent state and federal-law theories." (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)). As such, the plaintiff's Motion to Remand must be granted.

2.    This matter is hereby REMANDED to the Court of Chancery of the State of Delaware.

Dated: March **7**, 2013

_____
CHIEF, UNITED STATES DISTRICT JUDGE

3